**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

ABNER ROCHELIEN,

Plaintiff,

v. Case No. 5:21-cv-235-TKW/MJF

D. PADGETT,

Defendant.

______________________________________/

**REPORT AND RECOMMENDATION**

This matter is before the court upon referral from the clerk of the court. Because Plaintiff intentionally depleted the funds in his inmate trust account to avoid payment of the filing fee, the undersigned recommends that this action be dismissed for Plaintiff's failure to pay the filing fee.[1]

## I. BACKGROUND

### A. Procedural Background

Plaintiff Abner Rochelien is an inmate of the Florida Department of Corrections ("FDC"). On December 10, 2021, Plaintiff commenced this civil action

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant used excessive force in violation of the Eighth Amendment. Doc. 1 at 9.

At the time Plaintiff commenced this lawsuit, he also submitted a motion for leave to proceed *in forma pauperis*. Doc. 2. On December 14, 2021, the undersigned denied Plaintiff's motion because Plaintiff had a balance of $1,126.34 in his inmate trust account. Doc. 4 (citing Doc. 2 at 6). The undersigned ordered Plaintiff to pay the filing fee of $402.00. *Id.* Plaintiff filed a motion for extension of time, Doc. 7, and a motion for leave to proceed *in forma pauperis*, Doc. 12. In these motions, Plaintiff essentially requested the undersigned reconsider the order denying Plaintiff leave to proceed *in forma pauperis* because Plaintiff had spent over $600 from his inmate trust account and could no longer pay the filing fee.[2]

**B. <u>Plaintiff's Intentional Depletion of His Funds</u>**

At some point prior to December 29, 2021, Plaintiff authorized the FDC to release $400.00 to his mother. *See* Doc. 7 at 2, 7; Doc. 12 at 10; Doc. 13 at 2. Plaintiff asserts that his mother was supposed to use this money to pay the filing fee. Doc. 7 at 2; Doc. 9 at 2. Plaintiff, however, has not provided this court with a copy of the

[2] The undersigned granted in part and denied in part these motions. The undersigned provided Plaintiff additional time to pay the filing fee but did not grant Plaintiff leave to proceed *in forma pauperis*. Docs. 8, 14.

special withdrawal request form that he submitted to the FDC.[3] On December 29, 2021, the FDC released a check to Plaintiff's mother for $400.00. Doc. 7 at 7; Doc. 12 at 10. According to Plaintiff this check was lost, and he therefore submitted a second withdrawal form for $402.00 to be forwarded to the clerk of the court for the United States District Court for the Northern District of Florida. Doc. 7 at 2; Doc. 9 at 2; Doc. 12 at 6. Plaintiff attached his second special withdrawal form to his motions for leave to proceed *in forma pauperis*. Doc. 7 at 4; Doc. 12 at 6.

This second special withdrawal form shows that Plaintiff requested the withdrawal of the $402.00 filing fee before the FDC released the check for $400.00 to Plaintiff's mother. Doc. 7 at 4, 7; Doc. 12 at 6, 10. In fact, Plaintiff filed the second special withdrawal request to pay the court fee on December 27, 2021, two days *before* the $400.00 check was issued to his mother.[4] Doc. 12 at 6.

On December 29, 2021, the same day that the FDC released the check to Plaintiff's mother and two days after Plaintiff submitted his second special withdrawal request, Plaintiff submitted a motion for extension of time to pay the filing fee. Doc. 5 at 1. He stated that he would "submit [a] check in the full sum of

---

[3] The undersigned previously noted that Plaintiff failed to provide the special withdrawal request that he submitted to have funds released to his mother. Doc. 8 at 4. The special withdrawal would have indicated when Plaintiff requested the money to be released to his mother and for what purpose the money was to be released.

[4] Plaintiff offers no additional facts to explain why he submitted a second withdrawal request *two days* before the check was released to his mother and purportedly "lost."

$402" and that the process typically requires anywhere from "45 days to 90 days" to complete. *Id.* at 2. Plaintiff alternatively requested that the court by-pass the FDC regulations and directly withdraw the $402 from Plaintiff's inmate trust account. Plaintiff requested that "in the event that this court does retrieve the money from petitioner's account, by-passing normal procedures, please inform the petitioner so monies will not be withdrawn, twice, for the same court cost." *Id.*

On January 21, 2022, the officer in charge received Plaintiff's second special withdrawal request and approved it. Doc. 7 at 4. The officer in charge then forwarded the form to inmate banking for processing. On January 31, 2022, inmate banking denied Plaintiff's request due to "insufficient funds." *Id.* at 6; Doc. 12 at 5.

Notably, on December 29, 2021, Plaintiff had $525.38 in his inmate trust account after the FDC released to his mother the check for $400.00. Doc. 12 at 10. In other words, on December 29, 2021, Plaintiff still had sufficient funds to pay the filing fee.

Despite knowing that his filing fee had not yet been paid and knowing that the filing fee would take time to process, Plaintiff continued to spend his funds on prison canteen items: $99.84 on January 2, 2022; $31.53 on January 11, 2022; and $99.81 on January 23, 2022. Doc. 12 at 10. Because of these expenditures, Plaintiff's inmate trust account balance on January 31, 2022, was $335.26, which is insufficient to pay the whole filing fee. *Id.*

## II. DISCUSSION

This case is subject to dismissal for Plaintiff's failure to pay the filing fee upon initiation of this action. "A party who files a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. Under the *in forma pauperis* statute, 28 U.S.C. § 1915, a court may authorize the commencement of a civil action by a prisoner who submits an affidavit "that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). This statute ensures that "indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). The ability to proceed *in forma pauperis* is not an absolute right, however. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Rather, it is a privilege that is afforded to those litigants unable to pay costs without undue hardship. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Camp*, 798 F.2d at 437.

The federal *in forma pauperis* statute provides that a court *shall dismiss* the case at any time if the court determines the allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). The purpose of this provision is "to weed out litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth." *Attwood*, 105 F.3d at 613 (quoting *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990)).

Similarly, if a court determines that the plaintiff is "unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Wilson v. Sargent*, 313 F.4d 1315, 1321 n.7 (11th Cir. 2002) (citing *Collier v. Tatum,* 722 F.2d 653, 655-56 (11th Cir.1983)); *Evans v. Croom*, 650 F.2d 521, 525-26 (4th Cir. 1981) (noting that a court may dismiss a case if it appears that the plaintiff's withdrawals were made in order to avoid his obligation under the rule to pay in whole or in part filing costs); *see Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008); *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments).

A finding that a plaintiff engaged in "bad faith litigiousness or manipulative tactics" to avoid payment of the filing fee "warrants dismissal." *Attwood*, 105 F.3d at 613 (citing *Camp*, 798 F.2d at 438); *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir. 1986) (citing *Collier v. Reigio*, 760 F.2d 279 (11th Cir. 1985)). "Pro se litigation is a burden on the judiciary" and the American taxpayers. *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008). There is no reason for the American taxpayers to subsidize Plaintiff's litigation when he has sufficient funds to cover the filing fee and has elected to allocate his funds for canteen items. A suit not worth the

filing fee "to an inmate who could pay this fee is unlikely to be worth the time of the courts. If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987).

As noted above, at the time Plaintiff commenced this lawsuit, Plaintiff had sufficient funds to cover the payment of the filing fee. Doc. 2 at 6; Doc. 12 at 10. Additionally, Plaintiff had sufficient funds on December 27, 2021, when he submitted his special withdrawal request to release funds to the clerk of the court for the payment of the filing fee. Doc. 12 at 10. In fact, on December 29, 2021, after Plaintiff removed $400 from his inmate trust account,[5] Plaintiff still had $525.38 in his inmate trust account, which was more than sufficient to pay the $402.00 filing fee. *Id.* Yet, despite knowing that Plaintiff's filing fee had not yet been paid and knowing that it would take 45 to 90 days to process his special withdrawal request, Plaintiff spent $231.18 on items from the prison canteen. Doc. 12 at 10. Plaintiff's inmate trust account balance on January 31, 2022, was $335.26. This court warned Plaintiff that if he "removed funds from his account or used money that should have been used to pay the filing fee in this case, this court likely will dismiss this action

[5] Plaintiff's explanation that he requested the release of the $400 check to his mother so that she could pay the filing fee strains credulity.

for failure to pay the filing fee." Doc. 8 at 5. Plaintiff has not explained his depletion of funds that could have been used to pay the filing fee.[6] Therefore, this action should be dismissed for Plaintiff's failure to pay the filing fee.

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice this action for Plaintiff's failure to pay the filing fee.

2. Direct the clerk of the court to enter judgment accordingly and close this case.

At Pensacola, Florida, this 3rd day of May, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on**

[6] Notably, before dismissal on this ground is appropriate, the plaintiff must be given "a reasonable opportunity to respond to this information, through, for example, a show cause order or the opportunity to make objections to a magistrate's report" and recommendation. *Wilson*, 313 F.3d at 1321.

**all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**